UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *THE ESTATE OF MICHAEL SCHWARTZ*, and BRENDA FISCHER, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 4:16-cv-00673 |
| ASSISTED RECOVERY CENTERS OF AMERICA, LLC., PERCY MENZIES, JUDEALYNE MENZIES, SUNEAL MENZIES, TIM DALAVIRAS, PH.D., ANDREA SHAW, PAUL N. SELVADURAI, M.D., KATHERINE KRUSE, AND SHERYL CASTRO, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## Defendants' Memorandum in Support of Their Motion to Dismiss Count III of Plaintiffs' Complaint for Failure to State a Claim

COME NOW, Defendants Assisted Recovery Centers of America, LLC (hereinafter "ARCA"), Percy Menzies, Judealyne Menzies, Suneal Menzies, Tim Dalaviras, Ph.D., Andrea Shaw, and Katherine Kruse (collectively "Defendants"), by and through their attorneys, Sandberg Phoenix & von Gontard P.C., under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for their Memorandum in Support of their Motion to Dismiss Count III of Plaintiffs' Complaint for Failure to State a Claim, state as follows:

### Introduction

Plaintiffs, who are the estate and mother of decedent Michael Schwartz, have brought a three-count complaint against Defendants. Counts I and II arise under 42 U.S.C. § 1983, while Count III is for wrongful death under the Missouri wrongful death statute, section 537.080,

7510681.1

RSMo 2000.  Defendants now move to dismiss Count III for failure to state a claim under Rule 12(b)(6) because Count III fails to comply with Chapter 538 of the Missouri Revised Statutes.

Chapter 538 governs tort actions against health care providers based on improper health care and imposes limitations on traditional tort causes of action against health care providers.  As discussed below, Plaintiffs' allegations reflect that Defendants are health care providers, and that Count III seeks recovery for death arising out of the rendering of or failure to render health care services.

Despite those allegations, Plaintiffs have not complied with Chapter 538 in pleading Count III.  Plaintiffs' Count III is an effort to circumvent Chapter 538 and fails to state a claim because (1) it alleges Defendants owed Mr. Schwartz a duty to use "the highest degree of care"; and (2) it demands compensatory damages exceeding $10 million.  Chapter 538 forecloses the standard of care pleaded by Plaintiffs and Plaintiffs' monetary demand.  Defendants, therefore, respectfully request this Court dismiss Plaintiffs' Count III.

## Factual Allegations

Plaintiffs allege that ARCA is an addiction-recovery clinic that provides "holistic treatment for clients," focusing on out-patient services that include group therapy, individual therapy, and an anti-craving shot called Vivitrol, which is used to treat heroin and alcohol addiction.  (Pls.' Compl. ¶¶ 17-18.)  Plaintiffs allege that two programs essential to ARCA's business model are (1) "Comprehensive Substance Treatment and Rehabilitation Programs" (CSTAR); and (2) "Medication Assisted Treatment" (MAT).  (Pls.' Compl. ¶ 24.)  Plaintiffs define CSTAR as "a unique approach to substance abuse and addition (sic) treatment" that provides "a complete continuum of recovery services, including extended outpatient services in the community and, where possible, close to home." (Pls.' Compl. ¶ 25.)  Plaintiffs define MAT

2

as "an evidence-based practice that combines pharmacological interventions with substance abuse counseling and social support," which "is an essential part of the comprehensive array of services available to people struggling with addiction to alcohol or other drugs." (Pls.' Compl. ¶ 25.) Plaintiffs allege that ARCA obtained certifications to practice CSTAR and MAT. (Pls.' Compl. ¶¶ 23-24.)

Plaintiffs allege that Mr. Schwartz entered into treatment at ARCA as a condition of his probation and parole. (Pls.' Compl. ¶¶ 35-36.) Plaintiffs allege that ARCA, its staff, and employees were contractually obligated to report various aspects of Mr. Schwartz's treatment to Mr. Schwartz's probation officer, but failed to do so. (Pls.' Compl. ¶¶ 38-41, 55, 61, 62, 64-65.) Plaintiffs allege that as a result of that alleged failure to report, Mr. Schwartz died of a heroin overdose at his mother's residence. (Pls.' Compl. ¶¶ 55, 62, 64-65.) Plaintiffs also allege that ARCA, its staff, and employees failed to supervise a registered medical assistant employed by ARCA, Defendant Sheryl Castro, who allegedly "manipulate[d]" Mr. Schwartz and his addiction. (Pls.' Compl. ¶¶ 57, 66.)

Count III of the Complaint for wrongful death alleges that Defendants owed Mr. Schwartz a duty "to use the highest degree of care," and that Defendants breached that duty by allegedly failing to report aspects of Mr. Schwartz's treatment to his probation officer and by failing to supervise Ms. Castro, among other alleged breaches. (Pls.' Compl. ¶¶ 80-84.) Plaintiffs' Count III, however, fails to comply with Chapter 538.

## Standard of Review

In resolving a Rule 12(b)(6) motion, a court must take all well-pled facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). But after assuming the veracity of all well-pled facts, the court must assess whether those factual assertions "plausibly give rise to an entitlement

3

to relief." *Id.* Mere recitation of the elements of a cause of action is insufficient to state a claim for relief. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. To defeat a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 663. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (*quoting Twombly*, 550 U.S. at 557). A claim is plausible when a plaintiff's allegations show that defendant's liability is more than a sheer possibility. *Id.* at 663.

## Argument

**I.      Plaintiffs' Count III fails to state a claim because it violates Chapter 538 of the Missouri Revised Statutes.**

Plaintiffs' allegations reflect that Defendants are health care providers, and that Count III seeks recovery for death arising out of the rendering of or failure to render health care services. Thus, Plaintiffs must comply with Chapter 538. Plaintiffs' Count III, however, is a transparent attempt to circumvent Chapter 538's requirements.

Chapter 538 governs tort actions against health care providers for damages for personal injury or death arising out of the rendering of or the failure to render health care services. Section 538.210.1, RSMo Supp. 2005[1]; *Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 90-91 (Mo. App. 2012). Chapter 538 also "imposes limitations on traditional tort causes of action

---

[1] The Missouri legislature's 2015 amendment to section 538.210.1 became effective on August 28, 2015. Because the Complaint alleges that Mr. Schwartz died on March 27, 2015, the RSMo Supp. 2005 version of section 538.210 applies to this case. Unless otherwise indicated, all statutory citations are to RSMo Supp. 2005.

4

7510681.1

against health care providers." *Dibrill*, 383 S.W.3d at 90-91.  Those "limitations" include the imposition of an "ordinary care standard" and a cap on non-economic damages.

With regard to the standard of care, the plaintiff must show that the health care provider failed to use "that degree of skill and learning ***ordinarily used*** under the same or similar circumstances by members of defendant's profession, i.e., breached the standard of care, and that [the health care provider's] negligent act or acts directly caused or directly contributed to cause Plaintiff's injuries." *Huelskamp v. Patients First Health Care, LLC*, 475 S.W.3d 162, 168 (Mo. App. 2014) (emphasis added).[2]  Thus, a plaintiff's burden of proof is to show a breach of the duty to use ordinary care, and not the "highest degree of care."

With regard to non-economic damages, section 538.210.1 states:

In any action against a ***health care provider*** for damages for personal injury or ***death*** arising out of the rendering of or the failure to render ***health care services***, no plaintiff shall recover more than three hundred fifty thousand dollars for noneconomic damages irrespective of the number of defendants

(Emphasis added.)    The Supreme Court of Missouri recently affirmed the constitutionality of section 538.210's statutory cap of $350,000 on non-economic damages for wrongful death medical malpractice causes of action that accrued prior to August 28, 2015.  *Dodson v. Ferrara*, 2016 WL 1620102 (Mo. banc Apr. 19, 2016) (No. SC 95151).

Here, Plaintiffs' Count III is against a health care provider, as defined in Chapter 538. Plaintiffs' Count III alleges death arising out of the rendering of or failure to render health care services, also as defined in Chapter 538.  Thus, Chapter 538 and its limitations—namely the ordinary care standard and the cap on non-economic damages—apply to Count III.  Plaintiffs, therefore, have failed to state a claim because they allege a standard of care higher than ordinary care and because they seek to circumvent the cap on non-economic damages.

---

[2] The Missouri legislature's 2015 amendment to section 538.210.1 codified the "ordinary care."

### A. The allegations in the Complaint show that Defendants fall within the statutory definition of "health care services" through ARCA's addiction-recovery programs.

Based on Plaintiffs' allegations, Mr. Schwartz's death arose out of the rendering of or the failure to render health care services. Section 538.205(5) defines "health care services" as:

> [A]ny services that a health care provider renders to a patient in the ordinary course of the health care provider's profession or, if the health care provider is an institution, in the ordinary course of furthering the purposes for which the institution is organized. Professional services shall include, but are not limited to, transfer to a patient of goods or services incidental or pursuant to the practice of the health care provider's profession or in furtherance of the purposes for which an institutional health care provider is organized.

Plaintiffs allege that ARCA employs doctors, nurses, therapists, and registered medical assistants. (Pls.' Compl. ¶¶ 8-14.) Plaintiffs allege that Mr. Schwartz entered treatment with ARCA and enrolled in CSTAR and MAT services. (Pls.' Compl. ¶¶ 36, 54.) Plaintiffs allege that CSTAR and MAT services are methods of providing addiction-recovery treatment to heroin and alcohol addicts, and that medication is used in that treatment. (Pls.' Compl. ¶ 25.) Plaintiffs allege that ARCA provides group therapy, individual therapy, and anti-craving shots. (Pls.' Compl. ¶¶ 17-18.) Plaintiffs allege that as part of Mr. Schwartz's treatment, Defendants had reporting obligations. (Pls.' Compl. ¶¶ 38-41, 61.) In light of these allegations, Defendants provided Mr. Schwartz "health care services."

Likewise, Plaintiffs allege in Count III that Mr. Schwartz's death arose out of the rendering of or the failure to render health care services. (Pls.' Compl. ¶ 83.) Plaintiffs allege that Defendants failed to comply with the reporting obligations that were allegedly a part of Mr. Schwartz's treatment, and that Defendants failed to supervise a registered medical assistant who was involved in Mr. Schwartz's treatment. (Pls.' Compl. ¶ 83.) And through those alleged failures, Plaintiffs allege Mr. Schwartz died. (Pls.' Compl. ¶ 83.) Plaintiffs' Count III, therefore,

alleges that Mr. Schwartz's death arose out of the rendering of or the failure to render health care services.

### B. The allegations in the Complaint show that Defendants fall within the statutory definition of "health care provider" because Defendants provided health care services under the authority of a certificate.

Based on Plaintiffs' allegations, Defendants are health care providers within the meaning of Chapter 538. Section 538.205(4) defines "health care provider" as:

> [A]ny physician, hospital, health maintenance organization, ambulatory surgical center, long-term care facility including those licensed under chapter 198, dentist, registered or licensed practical nurse, optometrist, podiatrist, pharmacist, chiropractor, professional physical therapist, psychologist, physician-in-training, and any other person or entity that *provides health care services under the authority of a license or certificate*[.]

(Emphasis added.) The Complaint alleges that ARCA is an entity that provides health care services under the authority of a certificate. Plaintiffs allege that ARCA obtained "mandatory" certifications to provide CSTAR and MAT services, and that Mr. Schwartz enrolled into CSTAR and MAT services at ARCA. (Pls.' Compl. ¶¶ 23-24, 54.) Plaintiffs allege that Percy Menzies, Judealyne Menzies, Suneal Menzies, Tim Dalaviras, Ph.D., Andrea Shaw, and Katherine Kruse are ARCA employees. (Pls.' Compl. ¶¶ 8-14.) Defendants, therefore, fall within section 538.205(4)'s definition of "health care provider" because the Complaint alleges that they provided health care services under the authority of a license or certificate.

Accordingly, Plaintiffs must comply with Chapter 538 because Count III seeks recovery from a health care provider for death arising out of the rendering of or failure to render health care services.

7

### C. *Count III's allegations of the improper standard of care and the amount of damages in the prayer for relief violate Chapter 538.*

Because Plaintiffs must comply with Chapter 538 and case law arising under it, Plaintiffs' Count III fails to state a claim. First, Plaintiffs have not alleged the proper standard of care. Plaintiffs have alleged that Defendants owed Mr. Schwartz a duty "to use the highest degree of care," as opposed to the "ordinary care" standard mandated by Missouri law. Second, Plaintiffs non-economic damages are limited to $350,000.00, yet they seek $10 million. In light of Plaintiffs' pleading deficiencies, Plaintiffs' Count III fails to state a claim under Rule 12(b)(6), which mandates dismissal.

## Conclusion

In light of the foregoing analysis, Defendants respectfully request that this Court dismiss Plaintiffs' Count III under Rule 12(b)(6), and for such other relief this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Jonathan Ries*
Jonathan Ries, # 25843MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
jries@sandbergphoenix.com

Attorney for Defendants,
Assisted Recovery Centers of America, LLC.,
Percy Menzies, Judealyne Menzies, Suneal
Menzies, Tim Dalaviras, Ph.D., Andrea Shaw,
and Katherine Kruse

**Certificate of Service**

       I hereby certify that on the 12th day of July, 2016 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Larry A. Bagsby
The Bagsby Law Firm
larrybagsby@aol.com

and

Ms. Karie M. Pennington
Law Office of Karie Pennington, LLC
3115 South Grand Blvd., Suite 350D
St. Louis, MO 63118
(314) 681-9000
Karie@Lawyerup314.com

*Attorneys for Plaintiffs*

Ms. Mandy J. Kamykowski
Mr. Michael C. Schroeder
Kamykowski, Gavin & Smith, P.C.
287 N. Lindbergh Blvd.
St. Louis, MO 63141
(314) 665-3280
(314) 762-6721 Fax
mandy@kgslawfirm.com
michael@kgslawfirm.com

*Attorneys for Defendant Paul N. Selvadurai, M.D.*

                                      */s/ Jonathan Ries*

7510681.1