UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF MICHAEL SCHWARTZ, and BRENDA FISCHER, <br><br> Plaintiffs, <br><br> v. <br><br> ASSISTED RECOVERY CENTER OF AMERICA, LLC, PERCY MENZIES, JUDEALYNE MENZIES, SUNEAL MENZIES, TIM DALAVIRAS, PH.D., ANDREA SHAW, PAUL N. SELVADURAI, M.D., KATHERINE KRUSE, and SHERYL CASTRO, <br><br> Defendants. | Cause No. 4:16-cv-00673-JMB <br><br> DEFENDANT DEMANDS TRIAL BY JURY |

### PAUL N. SELVADURAI, M.D.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW Paul N. Selvadurai, M.D. ("Dr. Selvadurai"), by and through his undersigned counsel, Kamykowski, Gavin & Smith, P.C., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support of his Motion to Dismiss Plaintiffs' Complaint, states as follows:

### INTRODUCTION

Plaintiffs, the estate and mother of decedent Michael Schwartz, have filed a 3-count Complaint herein, alleging claims arising out of 42 U.S.C. § 1983 (Counts I and II) and for wrongful death under Missouri Revised Statute § 537.080. The underlying facts herein are that in July 2014, Michael Schwartz voluntarily agreed to participate in an out-patient drug treatment program offered by co-defendant ARCA. Schwartz's participation in the program was allegedly also pursuant to multiple orders of probation following a period of incarceration in the Missouri

1

state correctional system for drug-related offenses. Michael Schwartz was a heroin addict and his treatment at ARCA related to that addiction. Michael Schwartz ultimately died of his addiction, by heroin overdose, in March 2015.

This Defendant moves herein to dismiss all Counts of Plaintiffs' Complaint for failure to state claims under Rule 12(b)(6). Counts I and II fail to allege which constitutional rights Plaintiffs believe were violated by an alleged breach of contract by Dr. Selvadurai, a private actor. Those Counts additionally fail to plead any causal connection between Dr. Selvadurai's failure to report Schwartz's heroin use to the Department of Probation and Parole in July 2014 to Schwartz's death in March 2015. Count III fails to allege the proper standard of care owed to Schwartz by Dr. Selvadurai and claims improper damages under Missouri law. For these reasons, Plaintiffs' claims against Dr. Selvadurai should be dismissed.

## FACTS

Plaintiffs allege that ARCA is an addiction-recovery clinic that provides "holistic treatment for clients," focusing on out-patient services that include group therapy, individual therapy, and an anti-craving shot called Vivitrol, which is used to treat heroin and alcohol addiction. (Pls.' Compl. ¶¶ 17-18.) Plaintiffs allege that two programs essential to ARCA's business model are (1) "Comprehensive Substance Treatment and Rehabilitation Programs" (CSTAR); and (2) "Medication Assisted Treatment" (MAT). (Pls.' Compl. ¶ 24.) Plaintiffs define CSTAR as "a unique approach to substance abuse and addition (sic) treatment" that provides "a complete continuum of recovery services, including extended outpatient services in the community and, where possible, close to home." (Pls.' Compl. ¶ 25.) Plaintiffs define MAT as "an evidence-based practice that combines pharmacological interventions with substance abuse counseling and social support," which "is an essential part of the comprehensive array of services

available to people struggling with addiction to alcohol or other drugs." (Pls.' Compl. ¶ 25.) Plaintiffs allege that ARCA obtained certifications to practice CSTAR and MAT. (Pls.' Compl. ¶¶ 23-24.)

Plaintiffs allege that Michael Schwartz ("Schwartz" or "Decedent") entered into treatment at ARCA as a condition of his probation and parole. (Pls.' Compl. ¶¶ 35-36.) Plaintiffs allege that ARCA, its staff, and employees were contractually obligated to report various aspects of Mr. Schwartz's treatment to Mr. Schwartz's probation officer, but failed to do so. (Pls.' Compl. ¶¶ 38-41, 55, 61, 62, 64-65.) Specifically, Plaintiffs allege that Dr. Selvadurai "recorded that Michael was using heroin.  This was not reported to Probation and Parole." (Pls.' Compl. ¶62(c).)  Plaintiffs also allege that Defendants failed to train and supervise its employees and "implement processes and procedures for the safety and well-being of Michael Schwartz."  (Pls.' Compl. ¶¶ 66, 69.) Plaintiffs allege that Mr. Schwartz died of a heroin overdose at his mother's residence. (Pls.' Compl. ¶ 55.)

Counts I and II of the Complaint allege violation of Schwartz's substantive due process rights by Dr. Selvadurai based on the above alleged acts of failure to report and failure to train and supervise employees of ARCA.  However, these due process claims against Dr. Selvadurai fail because Plaintiffs have failed to plead facts showing (1) any causal connection between the alleged acts of Dr. Selvadurai and Schwartz's death, (2) a violation of any constitutionally protected right of Schwartz by Dr. Selvadurai, (3) that Dr. Selvadurai had a duty to train or supervise employees of ARCA, or (4) that he breached that duty.  (Pls.' Compl. ¶¶ 68-79.)

Count III of the Complaint for wrongful death alleges that Defendants owed Mr. Schwartz a duty "to use the highest degree of care" in providing contracted services to Schwartz, and that Defendants breached that duty by allegedly failing to report aspects of Mr. Schwartz's treatment

3

to his probation officer and by failing to train and supervise ARCA employees. (Pls.' Compl. ¶¶ 80-84.) Plaintiffs' Count III improperly ascribes such a duty to Dr. Selvadurai and for the reasons outlined below fails to state a claim against Dr. Selvadurai.

## STANDARD OF REVIEW

In resolving a Rule 12(b)(6) motion, a court must take all well-pled facts as true. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). But after assuming the veracity of all well-pled facts, the court must assess whether those factual assertions "plausibly give rise to an entitlement to relief." Id. Mere recitation of the elements of a cause of action is insufficient to state a claim for relief. Id.; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Iqbal, 556 U.S. at 664. To defeat a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 663. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557). A claim is plausible when a plaintiff's allegations show that defendant's liability is more than a sheer possibility. Id. at 663.

## ARGUMENT

In order to state a claim for substantive due process under § 1983 a plaintiff needs to plead "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005); Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003).

> **I.     Counts I and II should be dismissed because Plaintiffs have failed to plead the existence of any constitutionally protected right of Michael Schwartz that was purposefully violated by Dr. Selvadurai.**

4

Plaintiffs have failed to plead any constitutionally protected right afforded to Decedent that was violated by Dr. Selvadurai. In Counts I and II of the Complaint, Plaintiffs brought claims based on substantive due process against all Defendants, including Dr. Selvadurai. However, Plaintiff has failed to even define what constitutional right of Decedent's was violated by Dr. Selvadurai's failure to report his suspected drug use to his probation officer. A "substantive due process analysis must begin with a careful description of the asserted right." Reno v. Flores, 507 U.S. 292, 302 (1993). This is because courts "have been wary of extending substantive due process into new arenas." Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998). Therefore, Plaintiffs' § 1983 claims fail on their face and should be dismissed.

Furthermore, Courts have repeated held that the substantive due process clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). The language of the Due Process Clause "cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." (Id.); see also Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) ("Substantive due process prevents the government from engaging in conduct.")  "Its purpose is to protect the people from the State, not to ensure that the State protects them from each other." Hart 432 F.3d at 805. "A State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Moore ex rel. Moore v. Briggs, 381 F.3d 771, 773 (8th Cir. 2004); citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197 (1989).

Here, Plaintiffs' allegations are that the State, by way of Dr. Selvadurai, failed to report Decedent's suspected drug use and, therefore, protect Decedent from his own vices, i.e. his use of heroin. As is made clear by the case law above, Dr. Selvadurai had no affirmative duty to protect

5

Decedent from his own conduct. Dr. Selvadurai can only be liable if he himself deprived Decedent of a protected constitutional right. Because Plaintiffs have not identified any right Dr. Selvadurai violated, their allegations in Counts I and II fail to state claims and must be dismissed.

>   II. **Counts I and II of Plaintiffs' Complaint should be dismissed because Plaintiffs have failed to plead facts to support a causal connection between the acts alleged against Dr. Selvadurai and Michael Schwartz's death.**

In their Complaint, Plaintiffs allege that Dr. Selvadurai noted in Decedent's medical records that he had been using heroin and that this was not reported to Probation and Parole. (Pls.' Compl. ¶ 62(c).) However, what is completely missing from Plaintiffs' Complaint is any factual allegation that this alleged failure by Dr. Selvadurai, which occurred on July 31, 2014, somehow caused Schwartz's death on March 27, 2015 – **nearly one year later**.

To state a claim herein, Plaintiff must plead facts to support such a conclusion. See Graham v. City of Albany, No. 1:08-CV-892 RFT, 2009 WL 4263510 *9 (N.D.N.Y. Nov. 23, 2009). A claim alleging violations of substantive due process may not be "based solely on abstract hopes and expectations." Id.

Here, Plaintiff has failed to plead a single fact that if Dr. Selvadurai had reported this alleged drug use to Decedent's probation and parole officer, Decedent would not have continued his drug use and, therefore, not have died nearly one year later. Importantly, Plaintiffs' own allegations contained in their Complaint fly in the face of their causation argument. Plaintiffs allege that as a condition of his probation he was ordered to complete a one-year institutional substance abuse treatment program. (Pls.' Compl. ¶¶ 48-50.) Plaintiffs further allege that he completed that program on June 24, 2014. (Pls.' Compl. ¶ 51.) Upon completion of that program he was to enroll in an out-patient substance abuse counseling program. (Pls.' Compl. ¶ 53.) Then, on July 21, 2014, twenty-seven (27) days after being released from an institutional program, and prior to being enrolled in the out-patient program at ARCA, Decedent reported that he had already

been using heroin for two (2) weeks. (Pls.' Compl. ¶ 62(a).)  As such, Plaintiffs allegations fail to show any causal connection between Dr. Selvadurai's alleged failure to report Decedent's suspected drug use and his subsequent heroin overdose nearly one year later.

Because Plaintiffs have failed to plead a single fact to support their allegations that Dr. Selvadurai's failure to report any suspected drug use by Decedent to Probation and Parole had any causal connection to Decedent's voluntary and self-inflicted heroin overdose, Count I and II should be dismissed.

> III.  **Count II fails to state a claim because Plaintiffs have failed to allege facts to support a claim that Dr. Selvadurai had a duty to train or supervise employees of ARCA, or that he violated that duty.**
>
>    a. <u>Plaintiffs have failed to allege facts to support their allegation that Dr. Selvadurai had a duty to train and supervise employees of ARCA.</u>

Plaintiffs have failed to allege that Dr. Selvadurai had a duty to train or supervise any employees of ARCA and, therefore, Count II should be dismissed.  The title of Count II states:

> Violation of the Fourteenth Amendment of the United States Constitution
> and 42 U.S.C. §§ 1983 and 1988 – **Failure to Train and Supervise**
> (Both Plaintiffs and All Defendants)

(Pls.' Compl. ¶ 23) (emphasis added.)  In Paragraph 76 of their Complaint, Plaintiffs allege that the Defendants are liable in Count II for "recklessly failing to train and supervise **its** employees, staff and agents to protect the safety and well-being of Michael Schwartz." (Pls.' Compl. ¶ 76) (emphasis added.)  As such, it is clear that the sole basis for Count II against Dr. Selvadurai is that he failed to train and supervise employees of ARCA.  However, nowhere in Plaintiffs' Complaint do they ever allege that Dr. Salvadurai had such a duty.  Nor do they allege that any of the Co-defendants were "employees, staff [or] agents" of Dr. Selvadurai.

Dr. Selvurdai is only mentioned in three paragraphs of Plaintiffs' Complaint.  One of those paragraphs, Paragraph 13, simply identifies him as a Defendant.  (stating that he is "a physician

7

employed by ARCA to provide medical services…to clients of ARCA.")[1] (Pls.' Compl. ¶ 13.) Plaintiff does not allege that he is a manager, officer or board member of ARCA. (See generally Pls.' Compl.) Importantly, Plaintiff does not allege that any other Defendant or unnamed health care provider was the employee, servant or agent of Dr. Selvadurai. (Id.) The only other allegations directed towards Dr. Selvadurai allege that he recorded in the medical records that Schwartz was "using heroin [and] [t]his was not reported to Probation and Parole," and that Dr. Selvadurai ordered Schwartz to attend a two month out-patient program. (Pls.' Compl. ¶¶ 62 (c) (e).)

Furthermore, the Complaint sets forth terms of a purported contract entered into between ARCA and the Department of Mental Health which are allegedly binding on ARCA. (Pls.' Compl. ¶¶ 37-44.) However, nowhere in Plaintiffs' Complaint do they allege that any purported requirements are binding on Dr. Selvadurai. Dr. Selvadurai is not a party to the contract and Plaintiffs have plead no other facts to support a conclusion that he is otherwise bound by its purported terms.

To be sure, though, the only reference to training requirements made by Plaintiffs in their Complaint relate to statutory duties imposed exclusively on the organization – ARCA. For example, in Paragraph 26 (d) Plaintiffs allege that the statute requires that the "**organization** shall ensure" that the staff abide by all applicable laws and regulations. (Pls.' Compl. ¶ 26(d)) (emphasis added.) Plaintiffs further allege that Missouri regulations state that the "**organization** shall ensure that staff possess the training, experience and credentials to effectively perform their assigned services." (Pls.' Compl. ¶ 26(e)(A)) (emphasis added.)

---

[1] Dr. Selvadurai denies Plaintiffs' allegation that he was an employee of ARCA. Indeed, Plaintiff's Complaint should also be dismissed because Plaintiffs have failed to allege any facts to support the bare legal conclusion that Dr. Selvadurai was an employee of ARCA. Without more, Dr. Selvadurai, a private citizen, cannot be liable to Plaintiffs under § 1983.

8

Therefore, Plaintiffs' Complaint is completely void of any factual allegations sufficient to state a claim that Dr. Selvadurai had any employees, or that he had a duty to train or supervise any employees of ARCA. As such, Count II of Plaintiffs' Complaint should be dismissed because they have failed to allege facts sufficient to state a claim against Dr. Selvadurai for failing to "train and supervise" Decedent's other medical treaters.

      b. <u>Plaintiffs failed to plead any facts that Dr. Selvadurai failed to adequately train or supervise any employee of ARCA.</u>

Even assuming that Dr. Selvadurai had a duty to train and supervise employees of ARCA – which Defendant denies – Plaintiffs have failed to plead any facts to support their allegation that Dr. Selvadurai actually breached that duty and, therefore, failed to adequately train and supervise the ARCA employees. Therefore, Count II of Plaintiffs' Complaint should be dismissed.

As stated above, Dr. Selvadurai is only referenced in three (3) paragraphs of Plainitffs' Complaint. None of those allegations, however, allege a single fact sufficient to support an allegation that he failed to properly train and supervise ARCA employees pursuant to some alleged duty. Indeed, other than lumping Dr. Selvadurai in with all other Defendants in Count II, Plaintiffs fail to make even a conclusory allegation that Dr. Selvadurai individually failed to supervise and train employees of ARCA.

  **IV.**  **Plaintiffs' Wrongful Death[2] claims in Count III of the Complaint fails to state a claim because it pleads an improper duty owed to Michael Schwartz based on Dr. Selvadurai's allegedly negligent failures to train or supervise ARCA employees, implement policies, or report probation violations.**

      a. <u>Plaintiffs have failed to allege facts to support the legal conclusion that Dr. Selvadurai owed Michael Schwartz "the highest degree of care."</u>

---

[2] In paragraphs 5 and 84 of Plaintiffs' Complaint, they allege the surviving sisters of Michael Schwartz are individuals entitled to bring the wrongful death claims herein and, therefore, to recover the damages allowed under Section 537.090. However, based on the allegations in Plaintiffs' Complaint, under Section 537.080, surviving siblings are only entitled to bring wrongful death claims in Missouri if there are no "class (1)" beneficiaries. R.S.Mo Section 537.080.1(2). Here, Brenda Fisher, Michael Schwartz's biological mother, is a "class (1)" beneficiary and, as such, she is the only individual with standing to bring and recover damages for the wrongful death claims herein. R.S.Mo. Section 537.080.1(1) and 537.090.

9

In Count III Plaintiffs plead that Dr. Selvadurai owed Decedent "the highest duty of care." (Pls.' Compl. ¶ 81-82). However, Plaintiffs have failed to plead facts to support the application of this heightened standard of care. In fact, such a duty is wholly inapplicable to the facts alleged to support their negligent claims herein.

"The appropriate standard of care is a question of law." Chavez v. Cedar Fair, LP, 450 S.W.3d 291, 294 (Mo. 2014), as modified on denial of reh'g (Dec. 23, 2014). Applying a "standard of care higher than that required by law is prejudicial." Id at 300. In Missouri, the general standard of care in actions based on negligence is an ordinary standard of care. "Generally, the standard of negligence [duty] is the requirement that the actor use ordinary skill and care." Davidson v. Otis Elevator Co., 811 S.W.2d 802, 805 (Mo. Ct. App. 1991) (rejecting plaintiff's contention that elevator repair company should be held to the "highest degree of care" applicable to common carriers). Indeed, Missouri has held defendants in a negligence action to the highest degree of care only in limited circumstances. The application of the highest degree of care has remained reserved for either activities that are so inherently dangerous as to have the potential to cause widespread injury or for those that fall within a narrowly tailored group of common carriers. Chavez v. Cedar Fair, LP, 450 S.W.3d 291, 299 (Mo. banc 2014).

Here, Plaintiffs have failed to plead to any facts to support a finding that any standard of care other the ordinary standard of care (discussed, infra) should be applied their claims against Dr. Selvadurai for allegedly failing to (a) supervise or train ARCA staff, (b) review ARCA patient file and report to the Board of Probation and Parole, or (c) implement ARCA's "MOM" policy. None of these alleged failures by Dr. Selvadurai can in any way be construed to rise to the level of the "inherently dangerous activities" for which Missouri law ascribes the duty of the "highest degree of care."

10

For all of the above reasons, the wrongful death claims alleged in Count III fail to state claims against Dr. Selvadurai and, therefore, must be dismissed.

> b. <u>Dr. Selvadauri's conduct, as alleged in Count III of Plaintiffs' Complaint, is governed by R.S.Mo. Chapter 538, which establishes that Dr. Selvadauri owed Michael Schwartz the duty to use that degree of skill and learning ordinarily used by members of his profession, not the "highest degree of care."</u>

Missouri Revised Statutes Chapter 538 governs all tort actions against health care providers for damages for personal injury or death arising out of the rendering of or the failure to render health care services. Additionally, Chapter 538 and Missouri common law establish the standard of care applicable in tort claims against health care providers. <u>See</u> R.S.Mo. 538.225 Chapter 538 also imposes limitations on traditional tort causes of action against health care providers, including a limit on non-economic damages in wrongful death cases. R.S.Mo. Section 538.210 (2005).

Plaintiffs' Complaint establishes that Count III's claim for wrongful death is based on various alleged acts of negligence by health care providers. (<u>See</u> Pls.' Compl. ¶ 13, 83 (a) – (d)). The Complaint alleges Dr. Selvadurai is a physician. (Pls.' Compl. ¶ 13). Subsection 4 of Section 538.205 defines the term "health care provider", in pertinent part, as: [A]ny **physician**…that provides health care services under the authority of a license or certificate. Mo. Ann. Stat. § 538.205 (West) (emphasis added). Therefore, Plaintiff has admitted Dr. Selvadurai falls within the definition of health care provider as defined by statute.

Additionally, the face of the Complaint makes clear that Plaintiffs' claims arise from the rendering or failure to render health care services as defined by Section 538.225.

Subsection 5 of Section 538.205 defines health care services as:

> **[A]ny services that a health care provider renders to a patient in the ordinary course of the health care provider's profession** or, if the health care provider is an institution, in the ordinary course of furthering the purposes for which the institution is organized. Professional services shall include, but are not limited to, transfer to a patient of goods or services **incidental or pursuant to the practice of**

11

**the health care provider's profession or in furtherance of the purposes for which an institutional health care provider is organized.**

Plaintiffs allege that Decedent's death was as a result of Dr. Selvadurai's failure to provide health care services.  Specifically, Plaintiffs allege that Dr. Selvadurai failed to report Decedent's suspected drug use to his probation officer. (Pls. Compl. ¶¶ 61, 62 (c), 80-84.)  Plaintiffs also alleges that Dr. Selvadurai failed to train and supervise ARCA employees and "implement processes and procedures for the safety and well-being of Michael Schwartz." (Pls.' Compl. ¶¶ 66, 69, 80-84.)  Indeed, Plaintiffs specifically allege that their claim in Count III relates to Dr. Selvadurai's failure to use the "highest degree of care **in providing services to Michael Schwartz**." (Pls.' Compl. ¶ 82) (emphasis added).  Importantly, Plaintiff alleges that "[f]or ARCA and MIRA to provide its services, they are required to be certified by the State of Missouri, complying with" the regulations enumerated in Plaintiffs' Complaint.  One of the Missouri regulations enumerated in Plaintiffs' Complaint purports to require ARCA to provide training to and supervision of its employees. (Id. at ¶¶ 22-26.)  Therefore, pursuant to Plaintiffs' Complaint, Plaintiffs' allegations relate to services "incidental to" or "in furtherance of the purpose for which an institutional health care provider is organized" i.e training and supervision of its employees.

Furthermore, as stated above, Section 538.205(5) defines health care services as "any services that a health care provider renders to a patient in the ordinary course of the health care provider's profession."  Here, Plaintiff alleges that Dr. Selvadurai is a physician "employed by ARCA to provide medical services and non-residential substance abuse treatment for the clients of ARCA."  (Pls.' Compl. ¶ 13).  According to Plaintiffs, Dr. Selvdurai failed to render services to Plaintiff, i.e. training, supervision, and reporting violations to Probation and Parole, "in the ordinary course of [his] profession."

12

Because Dr. Selvadurai is a "health care provider" and Plaintiffs' claims arise from his provision of "health care services" to Decedent, Count III is subject to Chapter 538. They have not alleged he failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of Dr. Selvadurai's profession. Without allegations of the appropriate duty owed by Dr. Selvadurai, Count III fails to state a claim and must be dismissed.

      c.      <u>Plaintiffs claim for damages exceeds the statutory cap pursuant to Section 538.225.</u>

With regard to non-economic damages, Section 538.210.1 states:

> In **any action** against a health care provider for damages for personal injury or death arising out of the rendering of or **the failure to render health care services**, no plaintiff shall recover more than three hundred fifty thousand dollars for noneconomic damages irrespective of the number of defendants.

(2005) (emphasis added.) The Supreme Court of Missouri recently affirmed the constitutionality of section 538.210's statutory cap of $350,000 on non-economic damages for wrongful death medical malpractice causes of action that accrued prior to August 28, 2015. <u>Dodson v. Ferrara</u>, No. SC 95151, 2016 WL 162 0102 (Mo. banc Apr. 19, 2016). Thus, Plaintiffs' claim for damages contained in Count III are limited to the statutory cap of $350,000.

Here, however, Plaintiffs seek compensatory damages in the amount of $10 million dollars – far in excess of the statutory cap. Plaintiffs have no allegations of any economic damage or pecuniary loss they have suffered as a result of the death of Michael Schwartz. Therefore, Plaintiffs claims for damages does not comply with the statute and, therefore, should be dismissed.

## **COUNCLUSION**

For all of the foregoing reasons, Plaintiffs have failed to state claims for any of the three counts alleged in their Complaint. Pursuant to Rule 12(b)(6), Defendant Paul N. Selvadurai

13

respectfully submits that the Complaint should be dismissed in its entirety as to This Defendant, and request such further relief as is just and proper.

        Respectfully submitted,

        KAMYKOWSKI, GAVIN & SMITH, P.C.

        /s/ Mandy J. Kamykowski
        Mandy J. Kamykowski, #53990MO
        Michael C. Schroeder, #65168MO
        287 N. Lindbergh Blvd.
        St. Louis, MO 63141
        Phone: 314-665-3280
        Fax: 314-762-6721
        Mandy@kgslawfirm.com
        Michael@kgslawfirm.com

        *Attorneys for Defendant Paul N. Selvadurai, M.D.*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on counsel of record this 20th day of July, 2016.

        Mandy J. Kamykowski