UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| *THE ESTATE OF MICHAEL* *SCHWARTZ, and BRENDA FISCHER,* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 4:16-cv-00673-JMB |
| *ASSISTED RECOVERY CENTERS OF* *AMERICA, LLC., et al.* | ) ) ) ) | |
| Defendants. | ) ) | |

**Dr. Shannon Jennings' Memorandum in Support of her Motion to Dismiss**
**Counts I, II, and IV of Plaintiffs' Amended Complaint for**
**Insufficient Service of Process under Rule 12(b)(5) and**
**Failure to State a Claim under Rule 12(b)(6)**

COMES NOW, Defendant Dr. Shannon Jennings, by and through her attorneys, Sandberg Phoenix & von Gontard P.C., under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, and for her Memorandum in Support of her Motion to Dismiss Counts I, II, and IV of Plaintiffs' Amended Complaint (Doc. 63) for Insufficient Service of Process and Failure to State a Claim, states as follows:

**Introduction and Factual Allegations**

The estate and mother of decedent Michael Schwartz ("Plaintiffs") have brought a four-count complaint, with Counts I, II, and IV directed at Dr. Jennings. Plaintiffs attempted to serve Dr. Jennings by leaving a copy of the summons and complaint at Dr. Jennings' alleged place of employment. Dr. Jennings, however, is and has been on medical leave, and was never personally served.

Plaintiffs allege that ARCA and its employees were contractually obligated to report various aspects of Mr. Schwartz's treatment to Mr. Schwartz's probation officer, but failed to do

so.  (Doc. 63 ¶¶ 38-42, 56, 62-63, 71-72.)   Plaintiffs allege that if such reporting had occurred, Mr. Schwartz's probation would have been revoked and he would have been incarcerated on March 27, 2015, preventing his heroin overdose death at his mother's home that day.  (Doc. 63 ¶¶ 56, 63, 71-72.)  Plaintiffs' only liability related allegation directed at Dr. Jennings is that on August 25, 2014, she allegedly recorded that Mr. Schwartz had used heroin on August 24, 2014, and that this use was not reported to Mr. Schwartz's probation officer.  (Doc. 63 ¶ 63(k).)

Dr. Jennings now moves to dismiss Counts I, II, and IV under Rule 12(b)(5) for insufficient service of process, or in the alternative to quash service of process, and under Rule 12(b)(6) for failure to state a claim.

## Argument

I.     **Plaintiffs' Amended Complaint should be dismissed under Rule 12(b)(5) for insufficient service of process, or in the alternative, service of process should be quashed.**

A.     *Standard of Review*

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss a complaint for insufficient service of process.  "In considering a motion to dismiss under Rule 12(b)(5), a court considers whether the plaintiff has pleaded 'sufficient facts to support a reasonable inference that the defendant' has been properly served."  *Disability Support Alliance v. Billman*, 2016 WL 755620, at *2 (D. Minn. Feb. 25, 2016) (Civil No. 15-3649 (JRT/SER)) (*quoting Creative Calling Sols., Inc. v. CL Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2005)).  "The plaintiff bears the burden of proof on the issue of service."  *Id.*

B.     *Plaintiffs have not complied with Rule 4(e) in attempting to serve process on Dr. Jennings.*

Plaintiffs have not properly served Dr. Jennings.  On the Proof of Service filed by Plaintiffs (Doc. 72), the process server checked the box stating that she "personally served the summons on the individual."  But even the process server wrote that she only "served" Dr.

2

Jennings by serving "c/o Haley Christinidis, Admin Assist."  Service on Ms. Christinidis does constitute service on Dr. Jennings.  Dr. Jennings has not been served, and if a defendant "was improperly served, the district court lack[s] jurisdiction over that defendant whether or not [the defendant] had actual notice of the lawsuit."  *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

An analysis into Rule 4(e) explains the deficiencies in Plaintiffs' attempt to serve Dr. Jennings. Rule 4(e) explains the procedure for serving an individual within a judicial district of the United States.  It states:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

With regard to Rule 4(e)(1), Missouri Supreme Court Rule 54.13(b)(1) is substantively similar to Rule 4(e).  Missouri case law interpreting Missouri Supreme Court Rule 54.13(b)(1) establishes that Plaintiffs' service upon Ms. Christinidis—who is an employee at the same entity that allegedly employs Dr. Jennings—does not satisfy Missouri law. In *Cook v. Polineni*, 967 S.W.2d 687, 692 (Mo. App. 1998), the court held that the defendant was not properly served when the process server left the petition and summons with an employee who maintained the defendant's office. If the service in *Cook* did not satisfy Missouri law, neither does serving an employee at the company that allegedly employs a defendant. *Cook*, therefore, shows that under Missouri law, service upon Ms. Christinidis does not constitute service upon Dr. Jennings.

Plaintiffs also did not satisfy Rule 4(e)(2).  The Proof of Service purports to satisfy Rule 4(e)(2)(A), through personal service. This is simply incorrect.  "In the situation envisioned by Rule 4(e)(2)(A), a nonparty over the age of eighteen will present a copy of the summons and complaint *to the party to be served* and receive an acknowledgment of delivery." Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1095 (4th ed.) (emphasis added).  The process server plain and simple did not present a copy of the summons and complaint to the party to be served—Dr. Jennings. Thus, Rule 4(e)(2)(A) could not have been and was not satisfied.

Likewise, Plaintiffs did not meet Rule 4(e)(2)(B) because the process server left a copy of the summons and complaint at "Assisted Recovery Centers of America, 6651 Chippewa St., Ste 224, St. Louis, MO 63109" (Doc. 72), not at Dr. Jennings' "dwelling or usual place of abode."

Finally, Plaintiffs did not comply with Rule 4(e)(2)(C).  Plaintiffs have not shown that Ms. Christindis is an agent authorized by appointment or by law to receive service of process on behalf of Dr. Jennings. Multiple federal courts throughout the country have explained that serving a co-worker or receptionist at the defendant's employer does not satisfy Rule 4(e)(2)(C) unless the plaintiff shows that the co-worker or receptionist was an agent authorized by appointment or by law to receive service of process.

For example, the court in *Lensel Lopez v. Cordero*, 659 F. Supp. 889, 890 (D.P.R. 1987), explained: "Service through a secretary, even a personal secretary . . . is invalid if not authorized."  Similarly, the court in *Atkins v. Winchester Homes*, 2007 WL 269083, at *5 (D. Md. Jan. 17, 2007) (No. CIV CCB-06-278), noted: "A co-worker is typically not considered an agent authorized to accept service under Rule 4(e), and the actual acceptance of service by the co-worker does not necessarily indicate that service was properly effectuated on the individual defendants."  *See also W. v. Paige*, 835 F. Supp. 20, 22 (D. Me. 1993) ("The defendant Nappi was ostensibly served through service upon a secretary at his place of employment. This does not

satisfy the service requirements of Fed.R.Civ.P. 4(d)(1)."); Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1097 (4th ed.) ("The federal courts look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must either be express or implied from the type of relationship that has been established between the defendant and the alleged agent. Thus, a financial agent, secretary, manager of the defendant's business, or even the defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place.").

Plaintiffs have not shown that Ms. Christinidis had either express or implied authority to receive service of process on behalf of Dr. Jennings. Instead, Ms. Christinidis has explicitly stated that Dr. Jennings never authorized her to receive service of process on Dr. Jennings' behalf, and Ms. Christinidis never indicated to the process server that she had such authority. (*See* Affidavit of Haley Christinidis, ¶¶ 7-8, attached hereto as Exhibit A.)   Rather, Ms. Christinidis told the process server that Dr. Jennings is currently on medical leave, and that when Dr. Jennings does work at ARCA, she works at ARCA's West County location.  (Exhibit A, ¶ 5.) The process server then called someone, and after hanging up the phone call, stated that she was told she needed to leave the summons and complaint at ARCA.  (Exhibit A, ¶ 6.)  This is simply not enough to satisfy Rule 4. Plaintiffs attempt to serve Dr. Jennings, therefore, failed, meaning this Court "lack[s] jurisdiction over [Dr. Jennings] whether or not [she] had actual notice of the lawsuit." *Adams*, 74 F.3d at 885.

Accordingly, Dr. Jennings respectfully requests that this Court dismiss the Amended Complaint under Rule 12(b)(5) for insufficient service of process, or in the alternative, quash service of process.

**II.     Plaintiffs' Amended Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.**

   ***A.     Standard of Review***

5

In resolving a Rule 12(b)(6) motion, a court must take all well-pled facts as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  After assuming the veracity of all well-pled facts, the court assesses whether those factual assertions "plausibly give rise to an entitlement to relief."  *Id.*  To defeat a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id*.  A claim is plausible when the allegations show that the defendant's liability is more than a sheer possibility.  *Id.*

### B.      *Counts I and II fail to state a claim under 42 U.S.C. § 1983*

Even if this Court were to find that Plaintiffs properly served Dr. Jennings, Counts I and II fail to state a claim under 42 U.S.C. § 1983.  First, Dr. Jennings is not a state actor because (1) Plaintiffs misstate the language of the alleged contract they rely upon; (2) the Supreme Court has concluded that the fact that a private party has signed a state contract or is regulated by the state does not mean the private party is a state actor; and (3) federal courts have found that addiction recovery centers and their employees are not state actors.  Second, Dr. Jennings did not have a duty to protect Mr. Schwartz from his own drug use and Plaintiffs cannot satisfy the "state-created danger" test or the "special relationship" test.  Finally, Plaintiffs fail on the causation requirement because they have not pleaded facts showing that Mr. Schwartz would have been incarcerated on the date of his death.

In further support of these arguments, and in the interest of judicial economy, Dr. Jennings adopts and specifically incorporates by reference as if fully set forth herein the arguments made by co-defendants ARCA, et al., in their Memorandum in Support of Their Motion to Dismiss Counts I and II.  (*See* Doc 74, at pp. 2-11.)  Those arguments apply equally to Dr. Jennings.  Dr. Jennings, therefore, respectfully requests that this Court dismiss Counts I and II of Plaintiffs' Amended Complaint with prejudice.

        C.        ***Count IV fails to state a claim because Plaintiffs fail on the proximate cause requirement, in that Plaintiffs have not pleaded facts showing that Mr. Schwartz would have been incarcerated on the date of his death.***

Count IV is precluded because Plaintiffs failed to allege facts that would satisfy the proximate cause requirement.  To succeed on their medical malpractice claim, Plaintiffs must plead facts to show that Dr. Jennings' alleged conduct was "both the cause in fact and the proximate or legal cause of [Mr. Schwartz'] injur[ies]."  *Huelskamp v. Patients First Health Care, LLC*, 475 S.W.3d 162, 168 (Mo. App. 2014).  Plaintiffs' only liability related allegation directed at Dr. Jennings is that on August 25, 2014, she allegedly recorded that Mr. Schwartz had used heroin on August 24, 2014, and that this use was not reported to Mr. Schwartz's probation officer.  (Doc. 63 ¶ 63(k).)  Plaintiffs' causation theory is that if Dr. Jennings had reported Mr. Schwartz's heroin use to Mr. Schwartz's probation officer, then Mr. Schwartz's probation would have been revoked and he would have been incarcerated on March 27, 2015—instead of in his mother's home where he died of a heroin overdose.  (Doc. 63 ¶ 71.)  Plaintiffs cannot succeed on this theory because it is so speculative that it is fatally defective.

First, Plaintiffs wrongly assume that Mr. Schwartz's probation would have been revoked if Dr. Jennings had reported Mr. Schwartz's alleged drug use.  In Missouri, the decision to revoke probation falls within a judge's discretion, not a probation officer's.  *Sincup v. Blackwell*, 608 S.W.2d 389, 392-93 (Mo. banc 1980).  "[J]udicial discretion is the option the trial judge has in doing or not doing a thing which cannot be demanded by a litigant as an absolute right."  *Anderson v. Robertson*, 402 S.W.2d 589, 592 (Mo. App. 1966).  In *Schmeets v. Turner*, 706 S.W.2d 504, 507 (Mo. App. 1986), the court stated: "[P]robation revocation has an implication of discretion, in the sense that even though the evidence may support such action, ***the court is not required to revoke***."  (Emphasis added.)  Thus, assuming Dr. Jennings had an obligation to report Mr. Schwartz's drug use to Mr. Schwartz's probation officer and failed to do so, Plaintiffs

have not pleaded facts to show a Missouri trial court would have revoked Mr. Schwartz's probation.

Even if a Missouri trial court would have revoked Mr. Schwartz's probation, Plaintiffs have not pleaded facts indicating that Mr. Schwartz would have been incarcerated on March 27, 2015.  Plaintiffs own allegations work against them.  In paragraphs 69 and 70, Plaintiffs allege that two November 2011 reports from an ARCA counselor to Mr. Schwartz's probation officer at the time "caused Michael's probation to be revoked, saving his life."  But in paragraphs 46 and 47, Plaintiffs allege Mr. Schwartz's probation was not actually revoked until February 27, 2013.[1] It took *over _sixteen_ months* for a court to revoke Mr. Schwartz's probation.  Under such a timeframe, Mr. Schwartz would have still overdosed on heroin at his mother's home and died on March 27, 2015.

The earliest instance that Plaintiffs allege that Dr. Jennings should have reported was on August 25, 2014.  Sixteen months after that day was December 26, 2015, well after Mr. Schwartz's March 27, 2015 death.  Plaintiffs' causation theory, therefore, is pure guesswork and Plaintiffs' have not pleaded sufficient facts to support it.  Accordingly, Plaintiffs' failure on their causation theory precludes not only Count IV, but this entire lawsuit.

## Conclusion

In light of the foregoing analysis, Dr. Jennings respectfully request that this Court dismiss Plaintiffs' Counts I, II, and IV under Rule 12(b)(5) and Rule 12(b)(6).

---

[1] In paragraph 46, Plaintiffs claim Mr. Schwartz's "probation was suspended."  The Missouri Case.net file for No. 08-SLCR03969-01 shows that Mr. Schwartz's probation was revoked on February 27, 2013, not suspended.  "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).  Missouri court records are public records.  *Id.*

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Mohsen Pasha*

Jonathan Ries, # 25843MO
Mohsen Pasha, # 67373MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
jries@sandbergphoenix.com
mpasha@sandbergphoenix.com

Attorneys for Defendant Dr. Shannon Jennings

**Certificate of Service**

       I hereby certify that on the 28th day of November, 2016 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Larry A. Bagsby
The Bagsby Law Firm
125 N. Main St., Suite 204
St. Charles, MO 63301
larrybagsby@aol.com

and

Ms. Karie M. Pennington
Law Office of Karie Pennington, LLC
3115 South Grand Blvd., Suite 350D
St. Louis, MO 63118
(314) 681-9000
Karie@Lawyerup314.com

*Attorneys for Plaintiffs*

Ms. Mandy J. Kamykowski
Mr. Michael C. Schroeder
Kamykowski, Gavin & Smith, P.C.
287 N. Lindbergh Blvd.
St. Louis, MO 63141
(314) 665-3280
(314) 762-6721 Fax
mandy@kgslawfirm.com
michael@kgslawfirm.com

*Attorneys for Defendant Paul N. Selvadurai, M.D.*

                                             */s/ Mohsen Pasha*